# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON YOUNG,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARTINI, HUGHES, & GROSSMAN, an indeterminate entity; JEFF GROSSMAN, an individual; SID'S CARPET BARN, INC., a California corporation; and DOES 1 through 10 inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 06cv1168 DMS (CAB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS MARTINI, HUGHES & GROSSMAN AND JEFF GROSSMAN AND (2) DISMISSING REMAINDER OF CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Doc. Nos. 11, 15]** |

   This matter comes before the Court on Plaintiff's application to enter default judgment against Defendants Martini, Hughes & Grossman and Jeff Grossman, and Defendant Sid's Carpet Barn's motion for judgment on the pleadings. These motions came on for hearing on October 27, 2006. Jeremy Golden appeared on behalf of Plaintiff, and Michael T. McColloch appeared on behalf of Defendant Sid's Carpet Barn. Defendants Martini, Hughes & Grossman and Jeff Grossman did not appear. For the reasons discussed below, the Court grants Plaintiff's application to enter default judgment, and dismisses the remainder of Plaintiff's case for lack of subject matter jurisdiction.

/ / /

/ / /

# I.

# BACKGROUND

On August 19, 2005, Plaintiff Gordon Young contracted with Defendant Sid's Carpet Barn ("SCB") for the purchase and installation of carpet in his home. SCB employees started the job that same day, but they were unable to complete the installation because they did not have enough carpet. They left without finishing the job, and SCB subsequently sent Plaintiff a bill for $277.14. When Plaintiff called SCB for an explanation, they "told Plaintiff it was his fault that Plaintiff did not order enough material and told Plaintiff to pay the alleged debt." (Compl. at 3.)

Several months later, Plaintiff received a telephone call from Defendant Jeff Grossman, who stated he was attempting to collect the debt owed to SCB. A few days after receiving the phone call, Defendant Martini, Hughes and Grossman ("MHG") made a written demand that Plaintiff settle his debt to SCB with a payment of $277.94.

Plaintiff alleges Defendants' attempts to collect this debt violated the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act. Plaintiff also alleges the Defendants intentionally inflicted emotional distress upon him. He seeks declaratory relief, statutory damages, actual damages, punitive damages, and attorneys' fees and costs.

Plaintiff served all Defendants, but Defendants Grossman and MHG failed to enter an appearance. Accordingly, on Plaintiff's request, the Court entered a default against them. Plaintiff has since filed an application to enter default judgment against these Defendants, neither of which has filed a response.

In contrast, SCB filed an Answer to the Complaint, and recently filed a motion for judgment on the pleadings. Plaintiff filed an opposition to the motion, and SCB filed a reply.

# II.

# REQUEST TO ENTER DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F.Supp.2d 1069, 1093 (S.D. Cal. 2001) (citations omitted). In exercising that discretion, courts consider the following factors: "'(1) the

possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.'" *Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  Consistent with this last factor, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

In this case, the Court does not have any doubts about the propriety of entering default judgment against Defendants MHG and Grossman.  Plaintiff has demonstrated they were served with the Summons and Complaint, and neither has made an appearance in this action.  Furthermore, Plaintiff's Complaint is adequate to state a claim against these Defendants for violation of the FDCPA and California's Rosenthal Act.

However, the conduct underlying the Complaint does not justify the amount of damages Plaintiff seeks.  Plaintiff alleges he received one telephone call and one letter from these Defendants, the latter of which violated the FDCPA and the Rosenthal Act.  Despite the limited nature of this conduct, Plaintiff alleges he "suffered nervousness, fear, anxiety, worry, loss of happiness and instability." (Decl. of Gordon Young in Supp. of Request for Default Judgment at 2.)  He also states: "My concern over this matter adversely affected my day-to-day work, and [I have] lost sick time as a result." (*Id.*)  Other than these assertions, however, Plaintiff fails to present any evidence to support a finding that he has suffered $6,000 in damages.  He has not presented any medical bills or records, nor has he provided any evidence documenting lost wages or time away from work.  Accordingly, this Court declines to enter default judgment in the amount of $6,000.

Nevertheless, Plaintiff is entitled to statutory damages as a result of Defendants MHG and Grossman's conduct.  The FDCPA provides for statutory damages "not exceeding $1,000[,]" 15 U.S.C. § 1692k(a)(2)(A), and the Rosenthal Act provides for statutory damages "not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Cal. Civil Code § 1788.30(b). These damages are akin to a penalty, *see Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997), and they

require the Court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). Here, Plaintiff alleges Defendants MHG and Grossman sent him one letter in violation of the FDCPA and the Rosenthal Act. Based on this conduct, the Court awards Plaintiff $300 in statutory damages under the FDCPA, and $300 in damages under the Rosenthal Act, for a total of $600 in statutory damages.

Both of these statutes also provide for the recovery of costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(2)(3); Cal. Civ. Code § 1788.30(c). Plaintiff's counsel has represented to the Court that he has incurred $380 in costs, and requests $2,500 in attorneys' fees. Although the costs are reasonable, the requested fees are not. Plaintiff's counsel has failed to provide the Court with any evidence to support this amount of fees, or any argument as to why he is entitled to more than forty percent of his client's alleged damages.[1] Considering the pleadings filed in this case, the number of court appearances, the limited factual basis for Plaintiff's Complaint, and the legal basis for those claims, the Court finds Plaintiff's is entitled to reasonable attorneys' fees in the amount of $1,000, which consists of twenty hours at a rate of $50 per hour.

In sum, the Court grants Plaintiff's application to enter default judgment against Defendants MHG and Grossman, but denies Plaintiff's requested amount of judgment. Instead of the $8,880 requested, the Court enters default judgment in the amount of $1,980.00, as outlined above.

### III.

### MOTION FOR JUDGMENT ON THE PLEADINGS

With entry of default judgment against Defendants MHG and Grossman, Plaintiff's only remaining claims are against Defendant SCB. As with the defaulted Defendants, Plaintiff alleges SCB violated the FDCPA and the Rosenthal Act. In its motion for judgment on the pleadings, SCB argues it is a creditor, not a debt collector, therefore it cannot be held liable under either statute. Plaintiff filed an opposition to the motion, which indicates his agreement to dismiss the federal claim against SCB, but not the state claim.

---

[1] At oral argument, Plaintiff's counsel informed the Court that he took this case on a contingency basis. The $2,500 in requested fees amounts to approximately forty-two percent of Plaintiff's alleged damages of $6,000.

However, dismissal of Plaintiff's federal claim for relief destroys this Court's subject matter jurisdiction over this case. At oral argument, Plaintiff asserted the Court could still exercise supplemental jurisdiction over this case, but that argument is incorrect. A necessary predicate to a federal court's exercise of supplemental jurisdiction is a claim based on diversity of citizenship or a federal question. *See* 28 U.S.C. § 1367(a). With dismissal of Plaintiff's FDCPA claim against SCB, neither of those situations is present here. Accordingly, the Court dismisses the remainder of Plaintiff's case against SCB for lack of subject matter jurisdiction.

## IV.

## CONCLUSION

For these reasons, the Court grants Plaintiff's application to enter default judgment against Defendant MHG and Jeff Grossman, and dismisses the remainder of Plaintiff's case for lack of subject matter jurisdiction. The Clerk of Court shall terminate this case.

**IT IS SO ORDERED**.

DATED: October 31, 2006

_____
DANA M. SABRAW
United States District Judge